DOROTHY H. BRANNAN, complainant-appellee,

*v.*

GENEVA MEADE et al., defendants-appellants.

[Argued May 27th, 1947. Decided September 25th, 1947.]

*Mr. W. Louis Bossle,* for the complainant-appellee.

*Mr. Horace G. Brown,* for the defendants-appellants.

The opinion of the court was delivered by

FREUND, J.

The defendants appeal from an order advised by the court below denying the defendants' motion to strike the bill of complaint. The grounds submitted by the defendants for

striking the complaint are that "complainant has an adequate remedy at law," and that the "complainant does not set forth a cause of action cognizant in equity."

On August 19th, 1946, Harvey B. Deck died testate survived by the present appellants, Geneva Meade, his daughter, and Arthur Deck, his son, as his only heirs-at-law. The decedent by his last will and testament disposes of all of his property as follows:

"All the rest, remainder and residue of my estate, real, personal and mixed, wheresoever situate, which I now have or may hereafter acquire, I give, devise and bequeath, absolutely, in fee, to the person who, at the time of my death, shall be in my employ, as housekeeper, and actually shall be keeping house for me, in my home.

"I have purposely, in this Will, refrained from making any provisions for any of my children or other relatives, because they, in my lifetime, have received all that they are entitled to and I owe none of them anything further."

The decedent's will does not disclose by name the person who is to take decedent's estate, except such person who may meet the conditions and fit the description stated in decedent's will. The complainant by her bill alleges that she is within the descriptive language of the decedent's will, being the "housekeeper" in the employ of the decedent at the time of his death. Appellants, conceiving that there was no person in existence who met the descriptive test as beneficiary of decedent's property, took possession of all of decedent's real and personal property and rented the real estate.

The bill prays that the "Court may construe the said Last Will * * * and determine that the person who is presently entitled to receive the residue of the estate of said decedent, is complainant," and for "damages sustained by complainant, by reason of the unlawful taking of possession of said dwelling house and the personal goods, * * * of said decedent, for the unlawful use and occupancy thereof, * * *."

After the entry of the order appealed from, the appellants filed their answer and counter-claim. By the appellants' answer, they allege that "decedent died intestate so far as said real estate is concerned * * *" and as "there was no one in existence who came within the language of the second paragraph of the Will of the decedent describing the devisee

and beneficiary of decedent's will * * * said legacy and devise lapsed and the said decedent died intestate as to his personal and real property." The counter-claim merely prays that the complainant deliver the deed for said real estate to the defendants.

The appellants argue that "So far as the land is concerned, the devise by the testator under the second paragraph of his will is a legal devise. It in no respect created an equitable estate. It is fundamental that a court of equity cannot pass upon the validity of an interest in land which has a legal basis as distinguished from an equitable basis." The complainant admits "that every argument of the appellants is sound and applicable as to the realty of the decedent, * * *" but insists that "the bill of complaint is also sound so far as it concerns the decedent's personalty * * *."

We hold that in so far as the real estate is concerned, there is an adequate remedy at law and, therefore, no jurisdiction in equity. As has so often been said, the jurisdiction of the Court of Chancery is not to be invoked in respect to the determination of title to real estate, unless there is involved some equitable relief. Equity can no more declare purely legal rights than a court of law can declare equitable rights. *Leonard* v. *Hart, 42 N. J. Eq. 416; Torrey* v. *Torrey, 55 N. J. Eq. 410; Johnson* v. *Hughes, 58 N. J. Eq. 406; Palmer* v. *Sinnickson, 59 N. J. Eq. 530; Todd* v. *Staats, 60 N. J. Eq. 507; Hoagland* v. *Cooper, 65 N. J. Eq. 407; Wight* v. *Board of Education, 99 N. J. Eq. 843; Hayes* v. *Smith, 104 N. J. Eq. 146; Yuras* v. *Muscowic, 114 N. J. Eq. 126; Richman* v. *Schwartz, 130 N. J. Eq. 495; Brown's Mills Land Co.* v. *Pemberton Township, 135 N. J. Eq. 203.*

If the jurisdiction of the Chancery Court is challenged as to who is the owner of decedent's real estate, the title must be established by a judgment at law. Formerly the Chancery Court would dismiss the bill but now, under *R. S. 2:26–60* and *R. S. 2:29–9,* the bill may be retained and the issue of fact sent to a law court for trial. In *Weber* v. *L. G. Trucking Corp., 140 N. J. Eq. 96* (at *p. 97*), Chief-Justice Case, in writing the opinion for this court, concisely stated that "the granting of that relief was fundamentally dependent upon

the existence of a right in land which was in substantial dispute and which had to be determined at law; and until that question was settled at law the aid of Chancery could not properly be invoked." *Gillen* v. *Hadley, 72 N. J. Eq. 505; Mason* v. *Ross, 77 N. J. Eq. 527.*

The complainant further argues that, even though the bill is not sustainable as to the real estate, it invokes the general jurisdiction of equity over the administration and settlement of decedent's estates and the incidental power to construe and enforce provisions in wills relating to personal property and the rights of heirs and legatees, and cites as authority therefor: *Zabriskie* v. *Huyler, 62 N. J. Eq. 697;* affirmed in *64 N. J. Eq. 794.* See, also, *King* v. *Berry, 3 N. J. Eq. 44* (at p. *49*); *Frey* v. *Demarest, 16 N. J. Eq. 236; Hedges* v. *Norris, 32 N. J. Eq. 192; Benham* v. *Hendrickson, 32 N. J. Eq. 441; Angle* v. *Angle, 66 N. J. Eq. 1.*

There seems to be in equity a broad original jurisdiction over legacies. "This jurisdiction, as well over legacies as administrations, is based upon the trust relation existing between an executor or administrator and the creditors, legatees and distributees." *Pom. Eq. Jur.* (*5th ed.*) *342* § *1127.* While this equitable jurisdiction may in large measure be concurrent or auxiliary at the present time, it nevertheless stands unimpaired in equity.

There is no necessity for construing decedent's will; the question presented is one of identification of the person who answers the description of the devisee contained in decedent's will, if that person can be found, and is in no sense dependent upon a construction of decedent's will. If the beneficiary is so described that admissible evidence will identify the beneficiary, the failure to name the beneficiary does not make the will invalid for uncertainty or that the decedent died intestate. The question is not what the will means but the ascertainment of the person who meets the testator's description of the unnamed devisee. The judgment in the law court as to who is the owner of said real estate will answer this inquiry. *Holmes* v. *American Society, &c., Animals, 123 N. J. Eq. 127; Board of Home Missions* v. *Saltmer, 125 N. J. Eq. 33.*

In conclusion, we hold that Chancery clearly had no jurisdiction as to the real estate and that the record be remanded to the court below to the end that the bill be retained and the issue of fact be sent to a law court for trial.

*For affirmance*—THE CHIEF-JUSTICE, BODINE, DONGES, HEHER, COLIE, WACHENFELD, EASTWOOD, BURLING, WELLS, DILL, FREUND, McGEEHAN, McLEAN, JJ. 13.

*For reversal*—None.